Davis, P. J.
On the former hearing a new trial was granted on the ground that the referee erred in requiring the appellant to call as a witness on his own behalf, one Woodworth, who, as appellant claimed, had become hostile to him and whom he did not wish to accredit by placing him upon the stand. See MSS. of Davis, P. J.
The respondent on this re-argument insists that wholly excluding the testimony of Woodworth so far as it operated against the appellant, there was a complete failure to establish his alleged case; and the conclusion of the referee should therefore be sustained. This view might be a sound one if the failure of the plaintiff to make a case were so palpably manifest that no other result than a dismissal of the complaint could be sustained upon the papers before us. We are not able to see that this is so; for several reasons. We have not the witnesses before us and cannot tell how far the referee may have considered their testimony affected by any conflict between it and that of Woodworth. It is not impossible that he might for instance, have believed the evidence of the plaintiff himself to a greater extent than he seems to have done if there had been no conflict between his testimony and that of Woodworth. Of course there would have been no conflict of that kind if Woodworth’s testimony had not been in the case.
This remark is equally true of the testimony of each of the witnesses whose evidence came in conflict to any extent with that of Woodworth.
Besides if Woodworth had been called, by the defendant the plaintiff would have been at liberty to have assailed his credibility by attempting to impeach his character for *85 veracity. How far that might have gone to strengthen the version of facts alleged by the plaintnf it is now impossible for ús to see or say.
Again, the exclusion of the considerations of Woodworth’s testimony only reminds us to consider the numerous objections and exceptions to the rulings of the referee in receiving and rejecting offered evidence. It is enough to say that some of these exceptions appear to have been well taken and would lead to a new trial if carefully scrutinized. It is hardly worth while to do this since we are of opinion that the ground on which the former decision was based cannot be obviated.
The respondent complains, and very properly, that the allegations of the complaint touching other property of defendant of large value situate on Broadway and Twenty-seventy street and Forty-first street, in the city of Hew York, and asserting liens thereon, taken in connection with the Us pendens on file, operates seriously to prejudice and injure his rights and greatly to embarrass his business affairs.
In respect of that property the referee found as follows: “ X The defendant is the owner of the premises on Twenty-seventh street in the city of Hew York, and of the premises on Forty-first street and on Broadway near Forty-first street in the city of Hew York, but the evidence in this cause fails to establish that either of said pieces or parcels of real estate was bought with or paid for in whole or in part out of the moneys realized by the defendant on the sale of the Fifty-ninth street houses and lots.”
An examination of the case shows that this finding was fully justified, and that nothing tending to establish the alleged lien on that property was proven on the trial.
It is a gross wrong in such a case as this that a plaintiff on unproven allegations in a complaint and the filing of lis pendens asserting a hen should be able to tie up and embarrass all the real property of his antagonist when it is clear that he can have no such relief as he asks for in the way of enforcing an alleged lien.
In this case, if the referee had found altogether in favor of plaintiff’s alleged right to recover, and have an accounting against the defendant, he could have gone no further than to have adjudged such an accounting.
Under the evidence he could have established or adjudged no Hen on the parcels of property above mentioned.
There ought, therefore, to be power in this court in granting the new trial to prevent the gross injustice that has already, for several years, been successfuHy practiced to the prejudice of the defendant.
We think we can properly direct that the new trial be *86 granted, so far as relates to claim for an accounting by defendant for the proceeds of the Long Island and Fifty-ninth street properties, if the plaintiff shall succeed in establishing the alleged relations of equitable mortgagee against the defendant and in favor of himself, and that he be required to amend and correct his lis pendens so far as to strike out all claim of lien on the property mentioned in the above quoted finding of the referee.
An order to that effect will be entered, and the case sent for a new trial to another referee on the issues affecting the relation of the parties to the Long Island and Fifty-ninth street properties and the plaintiff’s right to an accounting, and the taking of such accounting if the right be established.
The referee will be named in the order, and, if not agreed upon by the parties, nominated by the justice settling such order. Costs of appeal to abide the event of the action.
Daniels and Brady, JJ., concur.